UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL BEAVER,

    Petitioner,

        v.                                                    Civil No. 11-cv-658-JPG

UNITED STATES OF AMERICA,                    Criminal No 08-cr-30158-JPG

    Respondent.

### **MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Michael Beaver's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  On July 25, 2008, the petitioner was indicted on two counts of distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  Both counts in the indictment charge that the petitioner:

> did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing cocaine base, in the form commonly known as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(l) and (b)(1)(A)(iii).

On January 21, 2010, the petitioner pled guilty pursuant to a plea agreement to both counts and stipulated that he sold over 50 grams of cocaine base on each occasion described in the indictment.  On April 30, 2010, the Court sentenced the petitioner to serve 262 months in prison.  The petitioner did not appeal his conviction or sentence.

    More than a year later, on August 1, 2011, the petitioner filed this § 2255 motion.  In it, he raises the following claims:

1. the indictment is fatally defective because it does not allege distribution of a controlled substance and omits a cross-reference in 21 U.S.C. § 841(b)(1)(A)(iii) to 21 U.S.C. § 841(b)(1)(A)(ii); and

2. counsel was constitutionally ineffective for failing to challenge the indictment on this basis and for failing to advise the petitioner about this defect before he pled guilty.

Assuming Beaver's arguments are cognizable in a § 2255 proceeding, the Court finds they do not entitle him to relief under § 2255. They are based on the language of 21 U.S.C. § 841, which states in pertinent part:

> (a) Unlawful acts
> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally –
>
>> (1) to . . . distribute . . . a controlled substance;
>
> * * *
>
> (b) Penalties
> Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
>
>> (1)(A) In the case of a violation of subsection (a) of this section involving –
>
> * * *
>
>> (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of –
>>
>>> (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
>>>
>>> (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
>>>
>>> (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
>>>
>>> (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);
>>
>> (iii) 50 grams or more of a mixture or substance *described in clause (ii)* which contains cocaine base . . . .

> such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . .

21 U.S.C. § 841 (2009) (emphasis added).  In *DePierre v. United States*, 131 S. Ct. 2225, 2233 (2011), the Supreme Court noted that "clause (ii) imposes a penalty for offenses involving cocaine-related substances generally, and clause (iii) imposes a higher penalty for a subset of those substances – the ones that 'contai[n] cocaine base.'"

Beaver argues that his indictment is defective because it did not contain the phrase "described in clause (ii)," which is present in clause (iii).  He also argues that he was convicted of a nonexistent offense because cocaine base is not a controlled substance.

As a preliminary matter, the Court addresses Beaver's assertion that cocaine base is not a controlled substance forbidden by 21 U.S.C. § 841 to be sold.  A controlled substance is any drug or other substance listed on Schedule I, II, III, IV or V, which were initially established by Congress in 21 U.S.C. § 812(c).  *See* 21 U.S.C. § 802(6).  Congress authorized the United States Attorney General to add substances to the schedules, *see* 21 U.S.C. § 811(a), and the Attorney General has done so on a regular basis, *see* 21 C.F.R. §§ 1308.11-1308.15.  At all relevant times, Schedule II listed "Coca leaves . . . and any salt, compound, derivative or preparation of coca leaves. . . ."  21 C.F.R. § 1308.12(b)(4).  "Cocaine base," or cocaine in its base form, is derived from coca leaves:

> Cocaine is derived from the coca plant native to South America.  The leaves of the coca plant can be processed with water, kerosene, sodium carbonate, and sulphuric acid to produce a paste-like substance.  When dried, the resulting "coca paste" can be vaporized (through the application of heat) and inhaled, *i.e.,* "smoked.". . . .  Coca paste contains $C^{17}H^{21}NO^4$ – that is, cocaine in its base form.
> . . .
>
> Dissolving coca paste in water and hydrochloric acid produces (after several intermediate steps) cocaine hydrochloride. . . .

3

>      Cocaine hydrochloride can be converted into cocaine in its base form by
> combining powder cocaine with water and a base, like sodium bicarbonate (also
> known as baking soda).  The chemical reaction changes the cocaine hydrochloride
> molecule into a chemically basic cocaine molecule, and the resulting solid
> substance can be cooled and broken into small pieces and then smoked.  This
> substance is commonly known as "crack" or "crack cocaine." Alternatively,
> powder cocaine can be dissolved in water and ammonia (also a base); with the
> addition of ether, a solid substance – known as "freebase" – separates from the
> solution, and can be smoked.  As with crack cocaine, freebase contains cocaine in
> its chemically basic form.
>
>      Chemically, therefore, there is no difference between the cocaine in coca
> paste, crack cocaine, and freebase – all are cocaine in its base form.

*DePierre*, 131 S. Ct. at 2228 (internal citations and footnote omitted).  Cocaine base therefore falls into a category of substances listed on Schedule II and qualifies as a controlled substance.

As for Beaver's argument that the indictment is fatally defective because it does not include the element "described in clause (ii)," that argument has no merit.  *DePierre* makes clear that clause (iii) refers to cocaine that contains cocaine base and represents a subset of clause (ii)(II), which refers to cocaine generally.  *DePierre*, 131 S. Ct. at 2233.  Clause (ii) is therefore not a separate element from clause (iii) but a larger category that includes substances referred to in clause (iii).  The allegation that Beaver distributed more than 50 grams of cocaine base and a citation to 21 U.S.C. § 841(b)(1)(A)(iii) were sufficient to support the higher statutory range of 10 years to life imprisonment.  The indictment was not defective.

Furthermore, counsel was not deficient for failing to object to the indictment on the foregoing basis.  The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to effective assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970);

4

*Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984);  *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011);  *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010);  *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Beaver's counsel's performance did not fall below objective standards for reasonably effective representation.  Defense counsel is not deficient for failing to make a frivolous or losing argument, *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005);  *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001), and Beaver's defective indictment argument was frivolous for the reasons set forth above.

Additionally, Beaver suffered no prejudice from his counsel's failure to make the defective indictment argument.  As explained above, it has no merit, and the Court would have rejected it then as it does now.

To the extent Beaver complains counsel advised him that if he did not plead guilty he could face a life sentence, that advice was not deficient.  Competent counsel must make a reasonably accurate estimate of a defendant's likely sentence when the defendant is contemplating a guilty plea.  *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001);  *United States v. Barnes*, 83 F.3d 934, 939-40 (7th Cir. 1996).  Beaver did, indeed, risk a life sentence had he not plead guilty. The presentence investigation report determined that he was a career offender and calculated his base offense level as 37 and his criminal history category as VI.  Without a three-point reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines Manual

5

§ 3E1.1(a), his guideline sentencing range would have been 360 months to life, and the government would have been free to recommend a life sentence.  With the three-point reduction, his range was 262 to 327 months, and the plea agreement secured a promise from the government to recommend a sentence at the low end of that range.  Counsel was simply not deficient in her estimate of Beaver's likely sentence while he contemplated a guilty plea.

For the foregoing reasons, the Court **DISMISSES** Beaver's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), finding that, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, it plainly appears from Beaver's petition and the record in his prior criminal proceedings that Beaver is not entitled to relief.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 16, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
